9214.   McQUEEN, guardian, *v.* FISHER.

1. Without the approval of the ordinary, a contract entered into by one as guardian of the property of his ward to pay another for the maintenance and education of the ward can not support a judgment binding the corpus of the ward's estate.

2. Where it is admitted that there was no such order, and where the evidence fails to show that there were at any time any profits of such estate in the hands of the guardian, a verdict and judgment against all the property of the ward's estate is illegal and can not stand.

3. In a suit against one as guardian of the property of his ward's estate, it is not error for the trial judge to strike a plea setting off a liability to the guardian individually.

4. In such a suit, where a plea sets off a note showing on its face that it is an individual liability of the plaintiff to the guardian, but alleges that the amount represented by the note was money of the ward, and that it was loaned as such, it is not error to exclude evidence proffered to support the plea; nor is it error to refuse to admit the note in evidence, upon objection that there was no authority on the part of the guardian to make the loan of the ward's money.

DECIDED MAY 17, 1918.

Complaint; from city court of Hinesville—Judge W. C. Hodges. August 27, 1917.

*Melville Price, Edwin A. Cohen,* for plaintiff in error.

*O. C. Darsey,* contra.

LUKE, J. This 'is a suit for $1,449 and interest, brought by Fisher against McQueen as guardian of the property of Herbert Cecil and Malcolm Johnston Moody, minor wards, upon an oral contract whereby McQueen as such guardian agreed to pay Fisher $368 per annum for the care, schooling, and maintenance of the wards, this sum representing the interest at 8% per annum on $4,600 of their money in the possession of McQueen as guardian at the date of the contract. The defendant denied the contract and all liability thereunder, and filed pleas of set-off, which are sufficiently dealt with in the headnotes. As there was no demurrer to the petition and no objection was interposed to any of the evidence adduced to prove the contract sued on, we do not deem it necessary to decide whether the contract was invalid as pleaded, and will direct our inquiry to the question whether, under the law, the evidence supports the verdict and judgment.

The Civil Code (1910), § 3058, clearly makes it the duty of the guardian "to protect and maintain, and, according to the circumstances of the ward, to educate him." Section 3074 is as follows: "The guardian can not borrow money and bind his ward's property therefor; nor can he, by any contract other than those specially allowed by law, bind his ward's property, or create any lien thereon." This last section of the code inhibits the making by the guardian of all contracts binding the ward's property, except those specially allowed by law. A contract such as the one on which this suit was based is not one of the excepted contracts, and is invalid, unless, as contended by the defendant, it can be sustained under sections 3058 and 3060 of the Civil Code. Section 3060 is as follows: "Every guardian shall be allowed all reasonable disbursements and expenses suitable to the circumstances of the orphan committed to his care. But the expenses of maintenance and education must not exceed the annual profits of the estate, except by the approval of the ordinary previously granted. The ordinary may, in his discretion, allow the corpus of the estate, in whole or in part, to be used for the education and maintenance of the ward." It was neither alleged nor proved that the ordinary at any time approved the contract. Patently, then, in no event could there be any encroachment upon the corpus of the estate.

The petition clearly declared on a contract made by the guardian in his capacity as guardian of the property of his wards. The

verdict was: "We, the jury, find for plaintiff $1,449.00 as principal and $169.05 as interest." The court rendered a judgment against N. McQueen "as guardian of his wards" for "the above-stated sums . . , to be levied on the goods, chattels, lands and tenements of said N. McQueen as guardian of said wards, or that may hereafter come into his hands as guardian aforesaid as the property of said wards." Under the pleadings, the verdict is against the corpus of the estate; the judgment clearly created a lien upon it; and if such corpus could be found, an execution based upon this judgment could be levied upon it, and so subject it to the satisfaction of the contract sued on. Certainly this would be contrary to the spirit and letter of the law as contained in section 3060, supra, making the approval of the ordinary a prerequisite to any encroachment upon the wards' estate, and the verdict and judgment are contrary to the law, and so must fall.

Again, the record discloses that it was neither pleaded nor proved that the interest of 8%, claimed under the contract declared on, was in the hands of the guardian at the time of the making of the contract, or subsequently. Nor did the evidence show that there were at any time profits from any source in the possession or control of the guardian. As far as the evidence went in this regard was to show that at the date of the contract $4,600 of the wards' money was in the possession of the guardian, and that interest on that sum at the rate of 8% per annum was to be paid Fisher for the care, schooling, and maintenance of the wards. It is true the verdict of the jury sustained the allegations of the petition and verified the evidence adduced to prove these allegations, but it is equally true that its rendition did not import or supply necessary pleading that was lacking, or essential evidence that was wanting. In the absence of the approval of the ordinary of any encroachment upon the corpus of the wards' estate, only the profits could be used to pay for the maintenance and schooling of the wards, and we think that in order to sustain the verdict and judgment rendered, it would at least have been necessary to show that there were such profits. This the evidence failed to do, and for this reason the verdict and judgment are contrary to law and without evidence to support them. The court erred in overruling the motion for a new trial.

*Judgment reversed. Wade, C. J., and Jenkins, J., concur.*