## 48551. HOWINGTON et al. v. CITIES SERVICE OIL COMPANY.

EBERHARDT, Presiding Judge. On May 24, 1968, Cities Services Oil Company (Citgo) leased a gasoline service station to Howard and Jack Howington (appellants) for a one-year term expiring May 31, 1969, with a provision for automatic renewal

for successive annual periods, "subject to termination by either party as of the end of the original or any renewal period on written notice to the other party not less than thirty (30) days prior to the date of expiration of the then current period." Notice by certified mail was given to the Howingtons April 16, 1971 of Citgo's election to terminate the lease at the expiration of the then current term on May 31, 1971. On July 2, 1971, Citgo instituted dispossessory proceedings against appellants, alleging that it had demanded possession of the premises, to which appellants filed their answer and counterclaim. The thrust of the counterclaim was that certain actions of Citgo in its dealings with appellants since the inception of the lease "were a wrongful and malicious interference with [appellants'] business and relationship." The recovery sought was $5,000 for loss of profits resulting from business interference, $50,000 general damages, and $50,000 punitive damages.

Appellants vacated the premises, rendering moot the dispossessory proceedings, and the case came on for trial on the counterclaim for business interference. Appellants, by amendment, struck their demand for damages in the sum of $5,000 for loss of profits, and assumed the burden of proof. At the close of their evidence, the court granted Citgo's motion for directed verdict, and this appeal followed. *Held:*

Appellants quote evidence from the record which it is contended brings the instant case within rulings made in *Dale v. City Plumbing &c. Supply Co.,* 112 Ga. App. 723, 727 (146 SE2d 349), *Luke v. DuPree,* 158 Ga. 590 (124 SE 13), *Brown & Allen v. Jacobs' Pharmacy Co.,* 115 Ga. 429, 445 (41 SE 553, 57 LRA 547, 19 ASR 126) *Architectural Mfg. Co. v. Airotec,* 119 Ga. App. 245, 250 (166 SE2d 744), and similar cases. However, construing this evidence most favorably to appellants, it shows only that Citgo threatened that it would terminate the lease at the end of the lease period unless appellants complied with Citgo promotions and prices and stocked Citgo products. While appellants point out that the instrument executed by the parties was a lease of a service station and not a contract for the operation of it, it is nevertheless clear that Citgo had an absolute right under the lease to terminate it as therein provided, for any or no reason. Under these circumstances there was no legal wrong in Citgo's informing appellants that the lease would not be renewed unless they met Citgo's requirements. Appellants were free to comply or not comply as they saw fit, and Citgo was free to renew or not renew

the lease as it saw fit—the rights were fixed by the lease.[1]
It must be emphasized that there is no complaint of any interference with any contractual rights, no contention of wrongful termination of the lease, no evidence of attracting away of personnel, customers, etc., and no showing of any invasion of any interest of appellants in their relationships with third persons. Compare *Slater v. Kimbro*, 91 Ga. 217 (18 SE 296, 44 ASR 19).
*Judgment affirmed. Pannell and Stolz, JJ., concur.*
ARGUED SEPTEMBER 5, 1973 — DECIDED SEPTEMBER 12, 1973.

*Gibson Dean, II,* for appellant.
*Webb, Fowler & Tanner, W. Howard Fowler,* for appellee.

---

[1]The Gasoline Marketing Practices Act, Ga. L. 1973, pp. 438-443, did not and could not affect the rights of the parties here, which had accrued under the contract when the dispossessory proceeding was filed July 2, 1971.