## 50929. KINGSBURY v. EXXON COMPANY, U. S. A.

EVANS, Judge.

James D. Kingsbury operated a gasoline service station for Exxon Company, U.S.A., Inc. for the sale of gasoline and other allied products (formerly Humble Oil Company). The written contract provided for termination of the employment by written notice by either party at any time. The contract was terminated by Exxon, although it is disputed as to how the contract was terminated.

Kingsbury, as plaintiff, sued Exxon contending that without warning, defendant entered premises of the plaintiff on the 10th of November, 1973, locking him out and preventing him from removing his own personal property. He sued for damages arising out of the contract alleging undue restraint of his privilege of buying and selling products on the free market in restraint of free trade, controlled the pricing of products in restraint of free enterprise and forbade his joining associations in similar

lines of business in violation of his constitutional rights. By reason of such restraints of competition, restraints of trade, violation of due process, violation of his freedom of association, price fixing and locking him out of the business, plaintiff sought injunctive relief and special damages for loss of income and profit, injury to his reputation and business goodwill, and punitive damages.

Defendant answered the complaint and denied any wrongful actions on its part and also set up other defenses, including:

(1) A failure to state a claim.

(2) Plaintiff was merely an employee under written contract which authorized termination of employment at any time upon written notice, and that written notice was given to the plaintiff on November 10, 1973, terminating employment. Defendant attached copy of the notice of termination to its answer which was purportedly signed by plaintiff.

(3) Estoppel is shown by reason of plaintiff's claim for unemployment benefits. He had filed a claim with the Georgia Department of Labor, specifically showing that he had only the status of an employee.

Exxon also set up a counterclaim against plaintiff in which it contends the plaintiff owed an unpaid balance of a promissory note and owed for products of defendant sold by the plaintiff, and for which plaintiff had not been paid. Exxon also moved to dismiss the complaint, to strike certain paragraphs thereof, and to grant defendant a judgment on the pleadings.

After hearing of these motions, the court granted defendant's motion to strike a portion of paragraph 6 of plaintiff's complaint and granted defendant's motion for judgment on the pleadings, and further ordered that the counterclaim against the plaintiff remain but that the plaintiff should recover nothing from the defendant. Plaintiff appeals. *Held:*

1. The Supreme Court in *Kingsbury v. Exxon Co.,* 234 Ga. 144 (215 SE2d 1), holds that the equitable relief claimed in the petition is no longer an issue in this case.

2. The lower court did not err in striking part of paragraph 6 which contends that the agreement was an "open-end" agreement thereby creating a tenancy-at-will

for the tenant at the service station. A copy of the contract attached to the petition, together with a copy attached to the answer, shows same to be merely an employee contract which might be terminated at will with the giving of the required written notice of termination.

3. The contract attached to the petition in paragraph 3 as to other products states: "Manager may *with Humble's consent* purchase from Humble and others and resell other products and accessories usually sold at service stations." (Emphasis supplied.) The right of Exxon, the defendant herein, to approve or to require the manager, its employee, to obtain Exxon's consent to sell other products is not undue restraint of the plaintiff to engage in free enterprise.

4. The right of the owner of the business to sell its products at the price it desires, is not such a restraint on the employee, who receives a commission on such sales, as to be a restraint on the free enterprise system.

5. Nowhere in the employment contract is there a restraint forbidding the employee from joining associations in similar lines of business.

6. Where the terms of the contract are plain and unambiguous, the construction of same is for the court rather than a jury. *State Hwy. Dept. v. MacDougald Const. Co.,* 102 Ga. App. 254 (115 SE2d 863); *Chalkley v. Ward,* 119 Ga. App. 227, 235 (166 SE2d 748).

7. The petitioner does not show any damages arising out of the contract in restraint of trade or in violation of any constitutional rights. Accordingly, the court did not err in granting the motion for judgment on the pleadings. See *Howington v. Cities Service Oil Co.,* 129 Ga. App. 621, 622 (200 SE2d 509). Under the contract the defendant might discharge the plaintiff at any time upon giving written notice. Code § 66-101; *Lambert v. Ga. Power Co.,* 181 Ga. 624, 627-628 (183 SE 814).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 8, 1975 — DECIDED OCTOBER 15, 1975.

*Hendon, Egerton, Harrison & Glean, Michael Anthony-Glean,* for appellant.

*Jones, Bird & Howell, Earle B. May, Jr., Joseph W. Crooks,* for appellee.