## 53862. SMITH v. McLENDON et al.

MARSHALL, Judge.

The appellant, Smith, brings his appeal from the grant of summary judgment in favor of the appellees, Mr. and Mrs. McLendon and their adult son, Tommy. Smith is a plumber by trade, and was engaged by the McLendons to remove from its fittings a sink contained in the kitchen of rental property owned by Tommy McLendon while a cabinet maker was installing some kitchen cabinets, and thereafter to reinstall the sink. When Smith arrived at the house to remove the sink, he was asked by Mrs. McLendon to unclog the drain pipes of a commode and sink in a bathroom while waiting to reinstall the sink in the kitchen. Smith used a plunger, and was unable to unclog the drain by that procedure. He then purchased some strong acid to pour into the drain. Unknown to him, someone (probably the tenant) had already put an undisclosed quantity of "Draino [sic]" (Drano) into the pipes in an unsuccessful effort to unclog the drain. It is Smith's contention that the combination of the acid, which he poured into the drain, with the Drano previously poured therein, caused a violent reaction tantamount to an explosion. The acid was forced up and out of the drain onto the face and body of Smith, causing severe burns and ultimately the loss of one eye. Smith brought the suit against the McLendons on the premise that they were negligent in not telling him that the pipes already had been polluted with Drano.

There was substantial evidence by way of interrogatories and admissions, questioning whether the McLendons were ever aware that the tenant had placed Drano into the pipes or whether Smith recklessly failed to inquire into the status of the pipes or, alternatively, used an acid, knowing absolutely nothing about its propensities. Nevertheless, the trial judge did not base his grant of summary judgment upon these disputed factual issues.

There was further evidence before the court that Smith had brought suit in federal district court against the manufacturer of the acid, alleging that the manufacturer had placed upon a market a substance that

was dangerous, without adequately testing the substance or warning its purchasers of its dangerous potentials. This case was dismissed with prejudice upon settlement with Smith for the sum of $18,000. Smith executed a release, which clearly identified the accident and which agreed "that this release is intended to cover all actions, causes of action, claims and demands for, upon, or by reason of any damage, loss or injury, known or unknown, which may be traced either directly or indirectly to the aforesaid occurrence, as now appearing or as may appear at any time in the future, no matter how remotely they may be related to the aforesaid occurrence." The trial court concluded that the McLendons and the acid manufacturer were joint tortfeasors and that the release of the one joint tortfeasor released all. Smith enumerates as error the grant of summary judgment upon those grounds. *Held:*

Smith contends that, inasmuch as the acts of negligence by the acid manufacturer preceded in time the alleged act of negligence of the McLendons, the explosion was the product of consecutive torts, and, for that reason, the trial judge erred in concluding that the injury was the result of the combined acts of joint tortfeasors. He seeks to apply the rule of contributing tortfeasors. That rule requires that damages for harm are to be apportioned among two or more causes where (a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm. *Gilson v. Mitchell,* 131 Ga. App. 321, 326 (205 SE2d 421) (1974); *Mitchell v. Gilson,* 233 Ga. 453, 455 (211 SE2d 744) (1975). It is clear that, if there were contributing tortfeasors, Smith could introduce evidence as to his intent in signing a release as to only one tortfeasor, thus creating a factual issue; whereas, if the injury was the product of joint tortfeasors, there being only one injury, the release of one released all. *Sims v. Bryan,* 140 Ga. App. 69, 72 (230 SE2d 39) (1976).

Under the facts of this case, we conclude that the trial judge correctly ruled that the injury in this case was the product of the acts of joint tortfeasors. The rule applicable in this state is that, even though voluntary, intentional concert of purpose or action is lacking, if the separate and

independent acts of negligence of several persons or corporations combine naturally and directly to produce a single, indivisible injury, and a rational basis does not exist for an apportionment of damages, the actors are joint tortfeasors. *Gilson v. Mitchell,* 131 Ga. App. 321, supra, pp. 330-331. There is no dispute that the Drano alone caused no harm. By his own evidence, Smith established that his prior use of the acid alone had been safe. Only the apparent combination of the two substances caused the violent reaction. Under the facts, it is impossible to determine which substance or which act of negligence caused what part of the injury suffered by Smith. These facts point irresistibly to the conclusion that this injury was the product of joint tortfeasors, assuming any negligence on the part of the McLendons. Where the negligent acts of two persons combine, although not done simultaneously, to cause an injury to a third person, they are joint tortfeasors, and the release of the first tortfeasor will release the other. *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287) (1961). See *Cline v. Aetna Cas. &c. Co.,* 137 Ga. App. 76, 78 (3) (223 SE2d 14) (1975). The grant of summary judgment was proper.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Submitted May 4, 1977 — Decided June 21, 1977.

*Charles A. Thomas, Jr.,* for appellant.
*Murphy, Witcher & Murphy, Jack F. Witcher, York & Cummings, F. Marion Cummings,* for appellees.