## 32959. ZIMMERMAN'S, INC. v. McDONOUGH CONSTRUCTION COMPANY et al.

BOWLES, Justice.

The appellant, Zimmerman's, Inc., appeals two orders of the Superior Court of Fulton County which granted the appellee's motions for summary judgment.

On April 30, 1968, Zimmerman's subleased from

Adair Realty a portion of the premises at 62 Peachtree Street, Atlanta, Georgia, for use as a retail clothing store. The plaster ceiling in the store collapsed on June 8, 1972, damaging Zimmerman's merchandise and interrupting their business, resulting in a loss of earnings and profits.

One year following the ceiling's collapse, Zimmerman's executed a "General Release, Indemnity and Agreement" wherein the consideration of $6,828.48 paid by Adair Realty Company was acknowledged as "representing payment in full for all damages suffered by tenant and Zimmerman in connection with the cave-in," and further stating that Zimmerman's "(a) hereby release and forever discharge Adair Realty Company . . . from any and all claims, demands, causes of action, suits, sums of money, damages and judgments whatsoever in law or in equity, which tenant or Zimmerman, or either of them, has ever had, now has or may or might in the future have against the said Adair Realty Company, . . . arising by reason of or in any manner relating to the cave-in. . .

"It is understood and agreed that this is a full and final release of all claims of any nature and kind whatsoever, and releases claims that are known, unknown, suspected and unsuspected."

On April 15, 1976, Zimmerman's filed this lawsuit against the appellee, McDonough Construction Company and six other named defendants, including Adair Realty, seeking to hold them *jointly and severally* liable for the damages that had been sustained as a result of the ceiling's collapse. On June 22, 1976, Zimmerman's amended its complaint deleting four of the named defendants, including Adair Realty Company as agent and sublessor, thus reducing the case to its present parties.

Following the amendment of the complaint, motions for summary judgment on various grounds were filed on behalf of the three remaining defendants in the case. All three, however, contended that the "General Release, Indemnity and Agreement" in effect had released *all defendants* as to any damages suffered by Zimmerman's as a result of the ceiling's collapse.[1]

---

[1] Defendant Continental Wrecking Company raised

Initially, the court issued an order on July 21, 1977, denying appellee's motions for summary judgment based upon the release, however, granted defendants Mc-Donough Construction and A. R. Abrams' motions for summary judgment on the other grounds alleged. (See, Footnote 1). Subsequent to the entering of that order, appellee, Continental Wrecking, moved for a reconsideration of that portion of the court's order which had denied their motion for summary judgment based upon the release. On July 27, 1977, the court vacated that portion of its July 21st order denying Continental Wrecking's motion for summary judgment and granted summary judgment as to all defendants based upon the general release. This appeal followed.

Zimmerman contends that (1) the trial court erred in granting a motion for summary judgment *as to all defendants* based upon the "General Release, Indemnity and Agreement"; (2) that the trial court erred in granting a motion for summary judgment in favor of defendants McDonough Construction and A. R. Abrams on the ground that the action was barred by the statute of limitation set out in Code Ann. § 3-1006; and (3) that the trial court erred in granting A. R. Abrams' motion for summary judgment on the ground that no genuine issue of material fact existed as to said defendant. We affirm.

1. It is a well established rule in this state that "a release executed in favor of one joint tortfeasor, in full settlement of damages, acts as a release in favor of all other joint tortfeasors." *Knight v. Lowery,* 228 Ga. 452, 455 (185 SE2d 915) (1971); *Donaldson v. Carmichael,* 102 Ga. 40 (29 SE 135) (1897); *Pierce v. Smith,* 129 Ga. App. 593 (200 SE2d 371) (1973); *City of Buford v. Hosch,* 104

---

only the release as grounds for the grant of their motion for summary judgment. Defendant McDonough Construction Company additionally raised the eight-year statute of limitation in Code Ann. § 3-1006 as barring any action against them. Defendant A. R. Abrams filed their motion for summary judgment on the grounds that there was no genuine issue as to any material fact, in addition to raising the General Release and statute of limitation defenses.

Ga. App. 615 (122 SE2d 287) (1961).

Appellant contends that the defendants herein were not joint tortfeasors, and, therefore, the rule as stated above has no application to the instant case. The test for determining joint tortfeasors is set forth in *Mitchell v. Gilson,* 233 Ga. 453, 454 (211 SE2d 744) (1975), which affirmed the decision of the Court of Appeals in *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421) (1974). In that case it was stated that "[I]f the separate and independent acts of negligence of two or more persons or corporations *combine naturally and directly to produce a single indivisible injury* other than a nuisance, and *if a rational basis does not exist for an apportionment of the resulting damages* among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages, notwithstanding the absence of voluntary intentional concert of action." (Emphasis supplied.)

Under the facts in the instant case, it is clear that there has been a "single injury," that being the ceiling's collapse, for which there is no "rational basis" to apportion the resulting damages among the defendants in this case. See *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915) (1971); *Smith v. McLendon,* 142 Ga. App. 608 (236 SE2d 692) (1977); *Sims v. Bryan,* 140 Ga. App. 69 (230 SE2d 39) (1976). For this reason, the rule of releasing joint tortfeasors applies, and the trial court's grant of the appellees' motions for summary judgment based upon the release was not error.

2. Having held in Division 1 that the trial court did not err in granting motions for summary judgment *as to all defendants* in the case based upon the general release signed by Zimmerman's, Inc., we find it unnecessary to treat appellant's enumerations of error numbers two and three in this opinion.[2]

*Judgment affirmed. All the Justices concur.*

---

[2] Notwithstanding, appellant's enumeration of error 3 is not supported by argument or citation of authority, and is, therefore, deemed abandoned. Rule 18 (c) (2) of the Supreme Court of Georgia (Code Ann. § 24-4518 (c) (2)).

ARGUED NOVEMBER 17, 1977 — DECIDED DECEMBER 5, 1977.

*Kirby G. Bailey,* for appellant.

*Hurt, Richardson, Garner, Todd & Cadenhead, Frederick N. Gleaton, Robert L. Todd, Freeman & Hawkins, Howell Hollis, III, Gambrell, Russell, Killorin & Forbes,* for appellees.