## 56034. IRA H. HARDIN COMPANY v. MARTIN ASSOCIATES, INC. et al.

WEBB, Judge.

This is an appeal by Ira H. Hardin Co., defendant and third-party plaintiff, from an order granting summary judgment to all the third-party defendants. Neal & Company, Inc., the exterior coating subcontractor on a condominium construction project, had sued Hardin, the general contractor, seeking to recover for its "extra work" in correcting rust stain damage allegedly caused by the rusting of "corner beads"; and Hardin, in turn, had brought in as third-party defendants various subcontractors, material suppliers, etc., contending that they were liable over to it because of their various acts of negligence and breaches of contractual duties causing or contributing to the rusting of the corner beads.

While the matter was thus pending a settlement was reached between Hardin and 2765 Peachtree Corporation, a third-party defendant sought to be held liable over to Hardin on the theory that the rust stains resulted wholly or partially from design defects for which 2765, as owner of the project, was responsible. A formal agreement was executed whereupon Hardin and 2765 dismissed their claims and counterclaims against each other; and the remaining third-party defendants, seeking to take refuge under the Hardin-2765 agreement, contended that they, as joint tortfeasors with 2765, were entitled to final judgment under the principle that the release of one joint tortfeasor releases all.

The trial court agreed, and this appeal ensued. We agree with the trial court as indicated in Division 1 but reverse for reasons given in Division 2, requiring affirmance in part and reversal in part as stated in Division 3.

1. Hardin contends that its agreement with 2765 should have been submitted to a jury for construction on the theory that it was ambiguous and therefore exempt from the rule that "[t]he construction of a contract is a question of law for the court." Code Ann. § 20-701. Accord, *Kingsbury v. Exxon Co., U. S. A.,* 136 Ga. App. 146, 148 (6) (220 SE2d 481) (1975).

We disagree. Omitting provisions as to an individual not here involved, the instrument, entitled "Mutual Release," provides in pertinent part:

"Whereas, 2765 and Company [Hardin] have settled all matters in dispute among themselves and resolved all liabilities including matters involved in Neal & Company, Inc., v. Ira H. Hardin Company, et al. [the main action] and Ira H. Hardin Company v. 2765 Peachtree Corporation, et al., [the third party action], Civil Action File No. C-8456 ("Law Suit"); and

"Whereas, this Mutual Release is being entered into for the purpose of confirming said settlement; . . .

"Now, therefore, in consideration of the good and valuable consideration referred to above as well as other good and valuable consideration, and $1.00 in hand paid each party to the other, receipt whereof being hereby acknowledged, 2765 does hereby release, discharge, and forever relieve Company from any and all obligations, claims, liabilities, and charges, of any nature whatsoever, accrued or to be accrued, disputed or acknowledged, and however arising, in respect to all matters up to and including the date of this release, including matters connected with said Law Suit and Company does hereby release, discharge and forever relieve 2765 from any and all obligations, claims, liabilities, and charges, of any nature whatsoever, accrued or to be accrued, disputed or acknowledged, and however arising, in respect to all matters up to and including the date of this release, including matters connected with said Law Suit."

Thus the instrument clearly releases Hardin's third-party claims against 2765 for the rust-stain damage, and it inures to the benefit of joint tortfeasors. *Smith v. McLendon,* 142 Ga. App. 608 (236 SE2d 692) (1977) and cits. A different result is not required by the fact that Hardin may not have wished to release the remaining third-party defendants, or that it received no additional consideration for doing so. At common law the release killed the cause of action in its entirety by operation of law, regardless of the adequacy of compensation or the intent of the releasor, a result thought compelled from the notion of the unity of a cause of action against tortfeasors who acted in concert, but

recently extended by the Supreme Court to encompass tortfeasors not acting in concert. *Zimmerman's, Inc. v. McDonough Const. Co.,* 240 Ga. 317 (240 SE2d 864) (1977).

In any event Hardin received, consonant with the recitation in the instrument of "other good and valuable consideration," the release and resultant dismissal of 2765's counterclaim against it, and we find no favor with Hardin's "no satisfaction" claims. Nor do we accept Hardin's attempt to travel on provisions of a separate document having different subject matter and parties, or attach controlling significance to the fact that 2765 and Hardin may have dismissed their respective claims against each other without prejudice. The instrument under consideration is a fully integrated document, unambiguous upon its face, and under the usual rules of contract construction cannot be rendered ambiguous by such extraneous circumstances. *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915) (1971), does not indicate a contrary result since the rationale of that decision was that the tortfeasors were not joint tortfeasors within the meaning of the release rule. See also *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421) (1974), affd. sub nom *Mitchell v. Gilson,* 233 Ga. 453 (211 SE2d 744) (1975); *Zimmerman's, Inc. v. McDonough Const. Co.,* 240 Ga. 317, supra.

We conclude that the trial court correctly held that the instrument was a release discharging all the joint tortfeasors from liability, it being without serious question that the rust stain damage was a "single injury" for which there is no "rational basis" to apportion the loss, to which the release rule applies. *Zimmerman's,* supra, and cases cited.

2. We cannot concur, however, with that portion of the order which provides, "The legal principle that there can be but one satisfaction for the same injury or damage is not limited to situations where there are joint tortfeasors, but covers contractual claims (implied or expressed) as well. See *Griffin Hosiery Mills v. United Hosiery Mills,* 31 Ga. App. 450 (120 SE 789) (1923)." The *Hosiery Mills* case is uncertain in purport, and we will not construe it as supportive of the principle that the joint

tortfeasor-release rule applies to contractual claims as well since such a principle is without controlling precedent and is conceptually and historically unsound. Accordingly, it was error to dispose of the contractual claims against the third-party defendants on the basis of the release rule.

3. Contractual claims remain against third-party defendants Peachtree Doors, Inc., Pella of Georgia, Inc., Tip Top Roofers, Inc., and Metro Waterproofing, Inc., which, as we have held, were not automatically discharged by the release, and as to them the judgment will be reversed and the cause remanded for further proceedings. No exception is taken to the trial court's ruling that there were no contractual relations or other circumstances sufficient to support a claim against third-party defendants Bostwick Steel Lath Co., B & L Distributing Co., Inc., and Gypsum Specialties, Inc., and as to them, as well as the remaining third-party defendants, the judgment is affirmed.

*Judgment affirmed in part, and reversed and remanded in part. Quillian, P. J., and McMurray, J., concur.*

ARGUED JUNE 8, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 —

*Alston, Miller & Gaines, Robert D. McCallum, Jr.,* for appellant.

*Phillips, Hart & Mozley, Robert B. Wedge, Swift, Currie, McGhee & Hiers, W. Wray Eckl, Arthur H. Glaser, Gambrell, Russell & Forbes, David A. Handley, James C. Huckaby, Jr., Hinkle & Bianco, James A. Hinkle, Glenn Frick, Gary Hill, Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Smith, Crevis & Claxton, John M. Crevis, Jr., Stokes, Boyd & Shapiro, Herman L. Fussell, Powell, Goldstein, Frazier & Murphy, Jesse Hill, Dennis, Corry, Webb, Carlock & Williams, Dennis J. Webb, Long, Weinberg, Ansley & Wheeler, Meade Burns, Dan B. Wingate, Sutherland, Asbill & Brennan, Wayne Phears,* for appellees.