A99A0198. UNITED COMPANIES LENDING CORPORATION
v. COATES et al.
(520 SE2d 236)

BARNES, Judge.

United Companies Lending Corporation ("United Companies") filed a complaint against two minors, Alton Coates, Jr. and Omar Coates ("the minors"), seeking imposition of an equitable trust on property owned by the minors, a declaration that it is subrogated to the position of a prior first lienholder, and restitution of money that unjustly enriched the minors. United Companies claimed it was entitled to equitable relief because the minors' guardian and mother, Bobbie Coates, defaulted on a loan secured by the property. The trial

court granted the minors' motion for summary judgment and denied United Companies'· motion for summary judgment because it is undisputed that Coates never obtained approval from the probate court to secure the loan with the minors' property. United Companies appeals, contending the trial court erred by granting summary judgment to the minors and denying its motion for summary judgment. For reasons which follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rice v. Huff*, 221 Ga. App. 592, 593 (472 SE2d 140) (1996).

*Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

The record, so viewed, reveals that the minors' grandmother, Essie Mae Hodge, devised the subject property, which consists of a house and a lot, to the minors in her will. After Hodge's death, the property was conveyed to the minors by the executrix of her estate in 1990. The probate court appointed the minors' mother, Coates, as the guardian of their property with the authority "to receive same and manage it according to the law." The probate court also issued Letters of Natural Guardian which authorized Coates "to receive, collect, and take charge of the estate, both real and personal, of [her] minor children. . . ."

Approximately five years later, Bobbie Coates and her husband, Alton Coates, Sr., executed a promissory note in favor of United Companies with an original principal amount of $21,000. As security for the loan, Bobbie Coates signed a deed to secure debt which encumbered the minors' property.[1] She also signed an affidavit in which she affirmatively represented that she had "a perfect right to convey the security interest described above." It is undisputed that no court authorized Bobbie Coates to encumber the minors' property with the security deed in favor of United Companies.

Pursuant to the terms of the promissory note, United Companies dispersed $4,842.89 of the loan proceeds to Peachtree Investment Group to satisfy an outstanding first lien on the property and $1,611.97 to pay off four unsecured creditors of Bobbie Coates and

---

[1] Alton Coates, Jr. was 15 and Omar Coates was 12 at the time their mother signed the security deed.

Alton Coates, Sr. It also dispersed $7,500 to an escrow account to be used for improvements to the property. Bobbie Coates and Alton Coates, Sr. received $548.79 cash at the closing. The remainder of the loan proceeds was used to pay the settlement charges for the loan which totaled $6,496.35, almost one-third of the total loan amount.[2]

Bobbie Coates and Alton Coates, Sr. filed a Chapter 13 bankruptcy petition approximately four months after entering into the loan with United Companies. Two years later, United Companies filed this action against the minors.

1. United Companies asserts the trial court improperly granted summary judgment to the minor defendants. We disagree. OCGA § 29-2-20 provides:

> The guardian may not borrow money and bind his ward therefor nor bind his ward's property or create any lien thereon by any contract other than those specially allowed by law; provided however, that, upon application and showing the need by evidence, the probate court or the superior court may authorize a guardian to borrow money to renovate or to make improvements upon property of his ward, or for purposes set out in Code Sections 29-2-3 and 29-2-4.

The record shows, without dispute, that Bobbie Coates did not obtain court approval before obtaining the loan from United Companies. As a result, the deed to secure debt executed by Bobbie Coates cannot be enforced against the minors. See *McQueen v. Fisher*, 22 Ga. App. 394, 395 (95 SE 1004) (1918).

United Companies argues that the trial court should have applied equitable principles to allow it to recover against the minors because the minors have received a windfall. The specific benefits United Companies alleges the minors received include improvements to the property and satisfaction of a prior first mortgage on the property with the proceeds of United Companies' loan to the guardian.

In two of its equitable theories of recovery (equitable trust and subrogation), United Companies asked the trial court to impose a lien against the property of the minors. Since imposing a lien against the property of the minors "would be contrary to the spirit and letter of the law as contained in [OCGA § 29-2-20]," the trial court properly granted summary judgment in favor of the minor defendants on Counts 1 and 2 of the complaint. *McQueen*, supra, 22 Ga. App. at 396.

In its remaining theory of recovery, unjust enrichment, United Companies sought $21,000, plus interest, for the amount of money

---

[2] These settlement charges included a seven and one-half percent origination fee and the purchase of credit life insurance for $2,263.43.

allegedly had and received by the minors.

> An action for unjust enrichment lies when money is paid on the debt of another, *with his consent and approval*, where the person making the payment was obligated to make the payment, and no consideration or benefit inures to his benefit, and credit for such payment inures to the benefit of the other party.

(Emphasis supplied.) *Clay v. Littlefield*, 144 Ga. App. 88, 91 (240 SE2d 254) (1977). Since the minors did not consent to any payments made by United Companies, the trial court's grant of summary judgment to the minors on this count was also proper.

2. For the reasons outlined above alone, the trial court did not err when it denied United Companies' motion for summary judgment in its favor. However, we further find that United Companies failed to establish a windfall to the minors. Although it argues the prior first mortgage "might well have predated the bequest of the Property to the [minors] from their grandmother," it never presented any evidence that this was the case. The only record evidence on this issue, which was submitted by United Companies, demonstrates the opposite. Exhibit F to the affidavit of a United Companies representative states that the date of the prior first mortgage was July 26, 1994, over four years after the property was conveyed to the minors. Additionally, United Companies submitted no affirmative evidence showing court approval for the prior first mortgage, and the probate judge's affidavit submitted on behalf of the minors states that Bobbie Coates never petitioned for approval to create a lien or encumbrance on the property. Thus, it appears that the loan from United Companies was used to satisfy another loan invalidly secured by the minors' property.

United Companies also failed to support its claim that the minors' property was improved in the amount of $7,500. The only evidence that arguably supports this claim is that United Companies paid $7,500 of the loan proceeds into a home improvement escrow account and a request was later made for disbursement of this amount through a check made payable to "Alton and Bobbie Coates and Allstate Industries." United Companies submitted no evidence showing how this money was used to improve the minors' property or any resulting increase in value to the minors' property.

Finally, we find United Companies' request for an equitable lien or judgment in the total loan amount of $21,000 disingenuous and contrary to the equitable principles it invokes. Since one-third of this amount went to settlement charges and another $2,160.76 was paid

to the minors' parents or their creditors, there could be no windfall to the minors in this amount.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 28, 1999.

*David G. Crockett, Douglas L. Brooks,* for appellant.
*Harris & James, Lisa Neill-Beckmann,* for appellees.