## 48873. GRIZZARD v. DAVIS et al.

EVANS, Judge.

Bertha Hemmings Grizzard brought an action for personal injuries and damages in two counts. In Count 1 she alleged the County Commission of Troup County and the Building Superintendent of the Troup County Courthouse and Annex, individually and in their representative capacities, negligently injured her on July 24, 1972. She alleged that when she entered the ladies rest room of the courthouse annex, a metal door, constituting a mantrap, fell on her and caused subsequent loss of vision in her right eye; and severely impaired vision in her left eye. In Count 2 she alleged that Dr. George A. McCrary, who treated her for the aforesaid injuries, negligently failed to exercise the degree of skill and care required of physicians, resulting in damages, both general and special.

The county authorities answered, and contended, among other things, that plaintiff had executed a release as to all injuries arising from the aforementioned incident. Defendant McCrary answered and alleged,

among other things, that he had not been negligent in treating plaintiff.

The county authorities, in their representative capacities, moved for an order of dismissal. Dr. McCrary moved for summary judgment, based upon his not having committed negligence and upon the release.

A hearing was had and the trial judge granted the motion to dismiss as to the five county commissioners, *in their representative capacities,* on June 12, 1973. But another judgment of dismissal as to the five county commissioners, *individually,* was entered on June 22, 1973, although no written motion to dismiss in their individual capacities was ever filed in the court. Counsel for the county commissioners stated that he procured the amended order by going back before the trial judge, in the absence of and without notice to opposing counsel, and explaining that the earlier judgment of dismissal was simply as to the county commissioners in their *representative capacities,* but still left them in the case *as individuals,* and counsel was desirous of having the order amended, to which the court acceded. We repeat that *this was in the absence of the opposing counsel, and without notice to him.*

The motion for summary judgment of Dr. McCrary, dismissing the case as to him, was granted on August 24, 1973. Plaintiff appeals from both orders sustaining the . motions for dismissal and summary judgment, dismissing the case as to all defendants.

1. This court cannot sanction the holding of ex parte hearings after the parties are at issue in a case. Temporary restraining orders and temporary injunctions quite often have to be obtained instanter, otherwise property may change possession, and the matter may become moot. But in all other hearings before the court, both parties should be notified of the hearing with an opportunity of attending and voicing any objection that may be properly registered. Since 1909, the Georgia Bar Association has adopted and adhered to the Canons of Ethics for Lawyers and Judges as promulgated by the American Bar Association. (See 1947 Report of the Sixty-Fourth Session of Georgia Bar Association, pp. 151-154; and pp. 328-350.) Since the lawyers of Georgia are now

incorporated into the State Bar of Georgia, some changes have been made. However, when the present case was pending in the lower court, the Canons of Judicial Ethics, as published on pages 922-929, in 220 Georgia Reports, were in full force and effect.

It is quite clear that the responsibility for enforcement of these Canons of Ethics rests more upon the shoulders of the *judges of the courts* than on the attorneys, although all have a responsibility thereunder.

Judicial Canon 11 provides: "A judge should utilize his opportunities to criticize and correct unprofessional conduct of attorneys and counselors, brought to his attention; and, if adverse comment is not a sufficient corrective, should send the matter at once to the proper investigating and disciplinary authorities."

Judicial Canon 17 provides: "A judge should not permit private interviews, arguments or communications designed to influence his judicial action, where interests to be affected thereby are not represented before him, except in cases where provision is made by law for ex parte application."

Clearly it became the duty of the trial judge in this case to remonstrate with the young attorney here representing the defendants, and to require notice to opposing counsel before the trial court amended his previous order, and dismissed the county commissioners, in their individual capacity.

Canon 7, Rule 3-107 (Code of Professional Responsibility; Ethics Considerations, E. C. 7-35) states that: ". . . an oral communication by a lawyer . . . should be made only upon adequate notice to opposing counsel." (State Bar of Georgia, 1971-1972, Handbook and Directory Supplement.)

The young attorney here had been practicing only four years, and both he and opposing counsel seemed entirely unaware of the foregoing rule; and it is apparent that he had no deliberate intent to violate the Canons of Ethics. But trial judges are experienced and well-versed in these canons and it becomes their duty to guide and counsel with young attorneys in cases such as this, to the end that they will be made aware of these rules and of the importance of not violating any of the Canons of

Ethics.

2. Since multiple parties defendant were involved, in order to be an absolute, final, appealable judgment, the order dismissing the county authorities should have contained "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." Without same the court's decision was subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties. Code Ann. § 81A-154 (b) (§ 54 CPA; Ga. L. 1966, pp. 609, 658); *Cook v. Peeples,* 227 Ga. 473, 474 (181 SE2d 375); *Givens v. Gray,* 124 Ga. App. 152 (183 SE2d 29); *Williams v. Horn,* 124 Ga. App. 485 (184 SE2d 198). The motion to dismiss the appeal is denied.

3. There appears in this record a release of Troup County as defendant, in pertinent part as follows: ". . . Lucille Grizzard and J. Millard Grizzard, hereby release and forever discharge Troup County, Georgia, and all other persons, firms or corporations who the undersigned might claim to be liable (none of whom admit any liability to the undersigned but, rather, all of whom expressly deny any liability) from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, which have resulted or may in the future result from an accident which occurred on or about the 24th day of July, 1972 at or near or in the Troup County Annex Building located adjacent to the Troup County Courthouse in LaGrange, Georgia. It is understood and expressly agreed by the undersigned that the payment of said amount is not construed as an admission of liability on the part of Troup County, Georgia or any of the party or parties hereby released, all of whom expressly deny any liability."

By affidavit in opposition to the motion, the plaintiff swore that she was promised $600 if she would sign a paper for Troup County and she was unable to see and placed her mark upon the paper with the aid of an unknown individual, and the paper which defendant McCrary contends releases him is not the same paper which was read to her and upon which she placed her mark. H. J. Thomas, Jr., a LaGrange lawyer, swore that

he witnessed the mark of plaintiff and the signature on the release and personally explained the meaning of the aforementioned release, and specifically asked plaintiff if she knew that signing the release by her would be giving up all claims or actions she might have against Troup County and all other persons; that she replied she understood, only wanted the $600 and he witnessed "her mark" and receipt of the $600. Plaintiff's testimony did nothing to overcome the binding effect of the release. Whether this was the release she signed, or whether another paper contained the release, either one of them completely releases the county commissioners, individually and in their representative capacities, from all further responsibility in the matter, as release of one joint tortfeasor releases all other joint tortfeasors. *Donaldson v. Carmichael,* 102 Ga. 40, 42 (29 SE 135); *City of Buford v. Hosch,* 104 Ga. App. 615 (122 SE2d 287).

The release was not attached to the pleadings, nor is it specifically stated in the order that it was considered by the court in rendering judgment of dismissal. However, this release is now in the record with reference to the motion for summary judgment as to the remaining defendant. A judgment correct for any reason must be affirmed. *Coker v. City of Atlanta,* 186 Ga. 473 (198 SE 74); *Stahl v. Russell,* 206 Ga. 699 (2), 701 (58 SE2d 135).

These defendants clearly are included in the language of the release, to wit: "Troup County, Georgia, and all other persons, firms or corporations who the undersigned might claim to be liable . . . on account of all injuries, known and unknown, which have resulted or may in the future result" from the injury complained of here. The release of Troup County covers these defendants and the court did not err in dismissing them as defendants. See *Knight v. Lowery,* 124 Ga. App. 172 (183 SE2d 221), reversed in part in *Knight v. Lowery,* 228 Ga. 452 (1) (185 SE2d 915).

4. But as to the other defendant, Dr. McCrary, the law respecting the judgment in his favor on motion for summary judgment is controlled adversely to him by *Knight v. Lowery,* 228 Ga. 452 (1) (185 SE2d 915). Dr. McCrary's negligence is not that of a joint tortfeasor with the other defendants, but resulted from his treatment of

the patient, according to the complaint. A jury question is presented as to whether the plaintiff intended to release the defendant, Dr. McCrary, at the time of execution of the release.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED JANUARY 10, 1974 — DECIDED APRIL 9, 1974.

*Millard C. Farmer, Jr., Steven E. Fanning,* for appellants.

*Jerry Willis, Richter & Birdsong, A. Quillian Baldwin, Jr., Allen Keeble,* for appellees.