### 28937. MITCHELL et al. v. GILSON et al.

JORDAN, Justice.

This case is before us by grant of the writ of certiorari to the Court of Appeals. The question at issue is whether concert of action is required to be shown to constitute defendants as joint tortfeasors.

This suit arose out of the alleged negligence of Doctors Soria, Mitchell, Sr., and Mitchell, Jr., in connection with the use of a central venous pressure catheter inserted in Mr. Gilson's jugular vein in connection with an operation procedure. It was alleged that Dr. Soria inserted an abnormally short catheter in the vein and subsequently did not follow the patient's progress through the removal of the catheter and that the Doctors Mitchell upon discovering the strangely short catheter upon its removal by them, did not inquire of Dr. Soria concerning the length of the catheter but jumped to the conclusion that a portion of the catheter was floating in the patient's blood stream and immediately subjected him to expensive and painful procedures to locate the

missing part. It was alleged that the three doctors were joint tortfeasors and that their acts together produced the single injury to the patient of needless subjection to medical procedures and mental distress. For a more detailed statement of the facts, see *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421).

The trial court ruled that the doctors were not joint tortfeasors because they were not alleged to have acted in concert; that the action against Dr. Soria and the Doctors Mitchell were two separate negligent actions requiring separate verdicts in individual amounts against the defendants. Based on this conclusion the trial court ruled that Dr. Soria would have the final closing argument to the jury since he presented no evidence.

The trial resulted in a verdict for the defendants. On appeal the Court of Appeals reversed in a full court opinion, the holding being set forth in the following headnote: "If the separate and independent acts of negligence of two or more persons or corporations combine naturally and directly to produce a single indivisible injury other than a nuisance, and if a rational basis does not exist for an apportionment of the resulting damages among the various causes, then the actors are joint tortfeasors, jointly and severally liable for the full amount of plaintiff's damages, notwithstanding the absence of voluntary intentional concert of action among them. . ." Based on this holding the court concluded that the doctors were properly sued as joint tortfeasors and that the plaintiffs had the right to open and close the argument to the jury as to all of the defendants even though Dr. Soria did not introduce any evidence.

The applicants on certiorari contend that "concert of action" is an indispensable prerequisite to the establishment of a joint tortfeasor relationship, and contend that the decision by the Court of Appeals is in direct contravention of decisions of this court.

We have reviewed the opinion of the Court of Appeals which gives a full discussion of the cases by both appellate courts of this state on this question. We conclude that the opinion of the Court of Appeals correctly states the law of Georgia on this subject and we adopt this opinion and affirm the judgment of the Court of Appeals.

Any language in *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915) or in any other decision of this court which tends to indicate that "concert of action" is necessary to the establishment of a joint tortfeasor relationship will not be followed.

*Judgment affirmed. All the Justices concur. Hall, J., disqualified. Hill, J., not participating.*

ARGUED SEPTEMBER 11, 1974 — DECIDED JANUARY 8, 1975.

*T. M. Smith, Jr., Hunter S. Allen, Jr., Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, George Connell,* for appellants.

*Ross & Finch, Claude R. Ross, Charles E. McCraine, A. Russell Blank,* for appellees.