## 52653. SIMS et al. v. BRYAN.

ARGUED SEPTEMBER 14, 1976 — DECIDED OCTOBER 1, 1976 — REHEARING DENIED OCTOBER 21, 1976 —

*Roger W. Moister, Jr.,* for appellants.
*Henning, Chambers & Mabry, Wilbur C. Brooks, Ronald A. Lowry, A. J. Welch, Jr.,* for appellee.

DEEN, Presiding Judge.
1. The first question raised is whether the Turman document is a release or a covenant not to sue. We are well satisfied that it is a release: It is so styled and it purports to free this defendant from liability for all "actions and causes of action" arising from the collision between the vehicles. The basic distinction, as pointed out in *Henderson v. Garbutt,* 121 Ga. App. 291, 292 (173 SE2d 445) quoting from *Harmon v. Givens,* 88 Ga. App. 629, 634 (77 SE2d 223), is "whether they show *an intention* on the part of the injured person to acknowledge a full satisfaction of his damage and injury, and so to relinquish the cause of action and extinguish the liability of all the persons involved in causing the damage, or whether they show *an intention* only to accept a satisfaction of a part of the claim. And the *intention of the parties,* as shown by the instrument, will be given effect regardless of what the parties may call the instrument." (Emphasis supplied.) That the language of the instrument should in all events be controlling is more and more criticized in modern law, where it is realized that many documents are signed by claimants unversed in the law and without benefit of counsel, so that the document does not in fact express the true intention of the parties. Thus, the distinction has been abolished in many courts, e.g. McKenna v. Austin, 134 F2d 659, 662: "In determining the character as well as the effect of such an agreement, we are unwilling to concede so much potency to mere verbalism. The matter does not require the formalism of conveyancing. . . Wide acceptance of the distinction, notwithstanding its want of

substance, and the decisions that in applying it intention should control, point the way to reexamination of the rule and its foundations." The rule, however, still obtains in Georgia except as hereinafter discussed.

2. It would appear that the above reasoning has already been applied in this state in selected cases. In *Knight v. Lowery,* 228 Ga. 452 (185 SE2d 915) the plaintiff, by an instrument almost identical with the one here involved, executed a blanket release of all claims to one injuring him in an automobile collision. He thereafter filed a malpractice action against a physician for alleged treatment which had the effect of aggravating his injuries. The court allowed parol testimony as to the intent of the parties to "release the whole world" as the words of the instrument indicated, holding at page 457: "We are of the opinion that the case of a release presents an exception to the general rule, and that in such a case the parol evidence rule is applicable only to the parties to the instrument or to their privies. Dr. Lowery was not a party to the agreement between the Knights and the Bolings, he contributed nothing to the settlement, and he was not named in the release. We see no reason, therefore, why he should share the benefits conferred on the Bolings unless such was clearly the intention of the parties. . . Accordingly, we hold that parol evidence may be admitted in favor of or against a stranger to a release to ascertain the true intention of the parties with regard to those persons who were to be bound or covered by the release." Thus, where the tortious acts are consecutive, the true intent of the parties may be inquired into to ascertain whether the subsequent tortfeasor was intended to be a beneficiary of the contract. See also 73 ALR2d Ann., p. 403 et seq.

3. The second question raised on this appeal is whether Turman and Bryan are joint tortfeasors in the sense that the release of one would be a release of all. While it does not take concert of action to make joint tortfeasors (*Mitchell v. Gilson,* 233 Ga. 453, 455 (211 SE2d 744)) some injuries, such as those resulting in death, are single and cannot be apportioned. In other cases, where apportionment is possible, even though difficult, concurrent but independent tortfeasors are not in the true

sense of the word "jointly" culpable. "Thus an earlier tortfeasor may be liable for the damages inflicted by a later one, while the later wrongdoer is not liable for the earlier damage. . ." Prosser, Torts, 4th Ed., 298, § 47.

Here there were two separate and distinct collisions, separated by some point in time. While Turman might indeed be liable for damage caused by Bryan on the ground that he, being negligent himself, placed the plaintiff's family in an unprotected position where he should have foreseen that the negligence of others would ensue to injure them, Bryan is obviously not chargeable with any negligence on the part of Turman which preceded his arrival on the scene. We therefore find it at least arguable, in considering the intention of the plaintiff in executing the release in question, that he had these facts in mind and expressed his intent in the release itself by stipulating that it applied only to the injuries caused in the collision "between a vehicle driven by Steve L. Turman and a vehicle driven by Gloria June Sims," the limiting phraseology having been inserted after the printed and the typed material, and being therefore worthy of special consideration. Code § 20-704 (7). Such language might well exclude the subsequent tortfeasor from the benefits of the release although releasing the primary and contracting tortfeasor ·from all further liability.

4. Another element to be ascertained in determining whether there has been a satisfaction of the entire injury is whether the plaintiff has been wholly indemnified, since he is not entitled to a double recovery. Here, in his action against Bryan, the plaintiff alleges that he has currently spent $24,640 as medical expenses for his son, $2,675 as funeral expenses for his wife, and that the measure of damages to the truck is $2,500. The settlement with Turman was $19,500, considerably less than these special damages. It does not appear that the plaintiff has been fully indemnified.

5. On motion for summary judgment, the burden is on the movant to negate every essential element of the complaint. The record here fails to show that the release covered any injuries except those arising from the first impact even though it released Turman from *all* resulting

claims. It fails to definitively show that Mrs. Sims' death resulted from the first impact (even though the plaintiff so alleged in the first complaint, and later denied that he knew whether this was true,or not). It fails to show that the plaintiff has been fully indemnified, or that the losses cannot be apportioned. It does show affirmatively that the truck sustained particular damages from each impact, and that the loss to it can be apportioned.

It follows that a number of jury questions remain to be resolved, and that the grant of the summary judgment was error.

*Judgment reversed. Quillian and Webb, JJ., concur.*