## 57671. PARKS v. PALMER et al.

SHULMAN, Judge.

Plaintiff-appellant brought suit in Newton County against defendant-Campbell (a resident of Newton County) and defendants-physicians (nonresidents) as joint tortfeasors for the wrongful death of appellant's husband, Luther Parks. Mr. Parks was injured when

his automobile collided with a vehicle driven by defendant-Campbell and was subsequently treated for his injuries by appellees-physicians.

The court below granted defendants'-physicians' motion to dismiss on the grounds that as defendants-physicians were neither residents of Newton County nor joint tortfeasors with the resident defendant-Campbell, venue was improper. On appeal, we reverse.

1. Appellant contends that as the court erroneously held that defendant-Campbell and defendants-physicians were not joint tortfeasors, the court improperly dismissed appellant's action against defendants-physicians. As we agree with appellant's contentions of error, we must reverse the judgment of the trial court.

Appellees-physicians maintain that the court properly dismissed plaintiff's suit against them for lack of jurisdiction in that defendant-Campbell and appellees cannot, as a matter of law, be joint tortfeasors. Appellees cite the case of *Grizzard v. Davis,* 131 Ga. App. 577 (4) (206 SE2d 853), in support of their proposition that a person who originally negligently inflicts an injury on a person and a physician who later negligently treats the injury cannot be regarded as joint tortfeasors. Assuming, without deciding, that the holding in *Grizzard* supports appellees' contentions (but see *Gilmore v. Fulton-DeKalb Hosp. Auth.,* 132 Ga. App. 879, 883 (209 SE2d 676)), appellees' reliance upon *Grizzard* is nevertheless misplaced. Although this court held under the facts in *Grizzard* that the alleged original tortfeasor and the alleged subsequently negligent physician were not joint tortfeasors, the court reached its decision in reliance upon *Knight v. Lowery,* 228 Ga. 452 (1) (185 SE2d 915), which was subsequently overruled by the Supreme Court to the extent *Knight* inferred the necessity for "concert of action" to establish a joint tortfeasor relationship. The court in *Grizzard* clearly based its decision that a joint tortfeasor relationship did not exist on the fact that there was no "concert of action" between the alleged negligence of the original tortfeasor (whose alleged negligence resulted in a door falling upon plaintiff's head) and the alleged negligence of the attending physician, which the court stated "resulted from his treatment of the patient."

As "[a]ny language in *Knight v. Lowery* [supra] or in any other decision of this court which tends to indicate that 'concert of action' is necessary to the establishment of a joint tortfeasor relationship will not be followed" *(Mitchell v. Gilson,* 233 Ga. 453, 455 (211 SE2d 744)), we cannot agree that *Grizzard* (to the extent it has been overruled by *Mitchell)* supports appellees' contentions. Appellees' assertion that an original tortfeasor and a subsequently negligent physician cannot be joint tortfeasors is without merit. See *Gilmore v. Fulton-DeKalb Hosp. Auth.,* supra.

2. Even assuming that the original tortfeasor and a subsequently negligent physician can, as a matter of law, be joint tortfeasors, appellees contend that in the case at bar such a relationship between the alleged defendants did not exist. as defendant-Campbell and defendants-physicians caused individual and different harms (if any). Although plaintiff brought suit for wrongful death, appellees assert that plaintiff's claim is not based upon a single indivisible injury. Therefore, appellees submit it would be improper to designate defendant-Campbell and appellees-physicians as joint tortfeasors.

We disagree with appellees' contentions and hold that if the alleged negligent acts of two or more tortfeasors result in a single and indivisible injury, *such as death* (see *Gilson v. Mitchell,* 131 Ga. App. 321 (205 SE2d 421), affd. sub nom *Mitchell v. Gilson* 233 Ga. 453, supra; *Ford Motor Co. v. Carter,* 141 Ga. App. 371 (1) (233 SE2d 444), revd. on other grounds 239 Ga. 657 (238 SE2d 361)), the alleged tortfeasors may be sued jointly, so that venue proper as to one tortfeasor is proper as to all joint tortfeasors. *Davis v. Correct Mfg. Corp.,* 143 Ga. App. 460 (2) (238 SE2d 553); *Lansky v. Goldstein,* 136 Ga. App. 607 (2) (222 SE2d 62).

In determining whether or not tortfeasors are joint tortfeasors, " '[t]he correct procedure is to look first to the time of the commission of the acts. If there was concert of action, then there is no need to go further to establish entire liability. But if there was no concert, the next step should be to look to the combined effect of the several acts. If the acts result in separate and distinct injuries, then

each wrongdoer is liable only for the damage caused by his acts. However, if the combined result is a single and indivisible injury, the liability should be entire. Thus, *the true distinction to be made is between injuries which are divisible and those which are indivisible.'* [Cit.]. . . 'The question is whether, upon the facts, it is possible to say that each defendant is responsible for a separate portion of the loss sustained. The distinction is one between injuries which are capable of being divided, and injuries which are not. If two defendants, struggling for a single gun, succeed in shooting the plaintiff, there is no reasonable basis for dividing the injury, and the tort is joint. If they shoot him independently, with separate guns, and he dies, the tort is still joint, *for death cannot be apportioned.* [Emphasis supplied.] If they merely inflict separate wounds, and he survives, a basis for division exists, no matter how difficult the proof may be, and the torts are several.' [Cit.]" *Gilson v. Mitchell,* supra, p. 325.

Thus, it is clear that "[w]hile it does not take concert of action to make joint tortfeasors [cit.], some injuries, such as those resulting in death, are single and cannot be apportioned." *Sims v. Bryan,* 140 Ga. App. 69, 72 (230 SE2d 39). Appellees' contentions to the contrary notwithstanding, as appellant's claim was based on a single indivisible injury (i.e., the death of her husband) which plaintiff-appellant alleges was the result of the combined negligence of defendant-Campbell and defendants-physicians, the court erred in dismissing plaintiff's suit as to the nonresident physicians-joint tortfeasors for lack of jurisdiction. *Davis v. Correct Mfg. Co.,* supra, Division 2; *Lansky v. Goldstein,* supra.

As we are reversing the judgment for the reasons stated above, we need not consider other grounds for reversal advanced by appellant.

*Judgment reversed. Deen, C. J., and McMurray, P. J., concur.*

ARGUED APRIL 11, 1979 — DECIDED SEPTEMBER 4, 1979 — REHEARING DENIED SEPTEMBER 25, 1979 —

*James E. Hardy, William T. Beard,* for appellant.

*W. Howard Fowler, J. L. Edmondson, W. D. Ballard,* for appellees.