64451. RASILE v. CONTINENTAL INSURANCE COMPANY et al.

SHULMAN, Presiding Judge.
After appellant's home was damaged by fire, she experienced difficulty with her insurer, with a contractor hired to repair the house, and with the holder of the mortgage on her home. Alleging that

the defendants were joint tortfeasors, appellant brought suit against all of them in the State Court of Muscogee County. Appellee McMillan, the contractor, filed a motion to dismiss because of improper venue, his residence being in Bibb County. We granted appellant's application for interlocutory review of the trial court's grant of appellee's motion.

Appellant relies on this court's decision in *Parks v. Palmer,* 151 Ga. App. 468 (260 SE2d 493). We ruled there that where the injuries are indivisible, the parties causing the injuries may be sued jointly notwithstanding a lack of concert of action. The parties to this appeal both agree with that holding, but disagree about the application of that holding to the facts of this case.

The facts on which this question must be decided are those alleged by appellant in her complaint. There is nothing in the appellate record to indicate that evidence was taken by the trial court in the hearing on appellee's motion, so the grant of the motion must be reviewed on the basis of the complaint. See *Williamson v. Perret's Farms, Inc.,* 128 Ga. App. 687 (2) (197 SE2d 754).

Analyzing the allegations of appellant's complaint, it appears that she has alleged a series of acts by the various defendants causing her various types of harm. Our view of the complaint does not support appellant's insistence that she has suffered a single indivisible harm. Assuming the truth of all the allegations in her complaint, we find that the damages could be apportioned to the various defendants by means of proof at trial. Under those circumstances, appellant has not shown the type of joint liability which would override the appellee's constitutional right to defend against these allegations in the county of his own residence. We hold, therefore, that the trial court was correct in granting appellee's motion to dismiss for improper venue.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

DECIDED NOVEMBER 4, 1982.

*James E. Butler, Jr.,* for appellant.
*Aaron Cohn, G. McGregor Jordan, John W. Denney,* for appellees.