## 73374. PHILLIPS v. TELLIS.
### (352 SE2d 630)

CARLEY, Judge.

The issue presented for resolution in the instant appeal arises in the context of a third-party complaint seeking contribution. See OCGA § 9-11-14. The third-party proceeding itself arose from the following facts: Ms. Ossie Westbrook was crossing a roadway on foot when she was struck by a vehicle and thrown to the pavement. The vehicle was being driven by appellee-third-party defendant Mr. Tellis. Thereafter, while Ms. Westbrook was lying in the roadway, she was allegedly struck by another vehicle. This second vehicle was being operated by appellant-third-party plaintiff Mr. Phillips. Ms. Westbrook and appellee subsequently reached a settlement agreement. In consideration of appellee's payment of $3,000, Ms. Westbrook executed a general release. Ms. Westbrook then filed a tort action in which she named appellant as a defendant. In her tort action, Ms. Westbrook sought to recover damages for injuries which she attributed to appellant's negligence in running his vehicle "over her at a time when she was totally defenseless to protect herself." Included among the defenses raised in appellant's answer were the affirmative defenses of release and accord and satisfaction. After answering, appellant filed a third-party complaint against appellee, seeking contribution as to any damages that Ms. Westbrook might recover against appellant in the main action. Appellee successfully moved for summary judgment as to the third-party claim for contribution. Appellant brings this appeal from the trial court's order granting summary judgment in favor of appellee.

"[T]he right to contribution relates only to joint tortfeasors. . . ." *Southern R. Co. v. Brewer*, 122 Ga. App. 292, 293 (176 SE2d 665) (1970). Thus, only if appellant and appellee were, as to Ms. Westbrook, joint tortfeasors would the former have any right to seek contribution from the latter. "It has always been true that where concert of action appears, a joint tortfeasor relation is presented and all joint tortfeasors are jointly and severally liable for the full amount of plaintiff's damage. However, American law has expanded over the years from this beginning point, and presently textwriters and most Georgia cases are agreed that concert of action is not required — concurrent and independent wrongdoers are joint tortfeasors *if* their actions produce a single indivisible result and a rational apportionment of damages cannot be made." (Emphasis in original.) *Gilson v. Mitchell*, 131 Ga. App. 321, 324 (205 SE2d 421) (1974), aff'd 233 Ga. 453

(211 SE2d 744) (1975). Thus, " '[t]he correct procedure [for determining whether a joint tortfeasor relation exists] is to look first to the time of the commission of the acts. If there was concert of action, then there is no need to go further to establish entire liability. But if there was no concert, the next step should be to look to the combined effect of the several acts. If the acts result in separate and distinct injuries, then each wrongdoer is liable only for the damage caused by his acts. However, if the combined result is a single and indivisible injury, the liability should be entire. Thus, *the true distinction to be made is between injuries which are divisible and those which are indivisible.*' [Cit.]" (Emphasis in original.) *Gilson v. Mitchell*, 131 Ga. App. supra at 325.

"A determination of whether the alleged liability in a particular case is or is not joint must depend upon an analysis of the alleged facts giving rise to the cause of action. [Cit.]" *Georgia Farm Bldgs. v. Willard*, 170 Ga. App. 327, 331 (317 SE2d 229) (1984), aff'd 253 Ga. 649 (325 SE2d 591) (1984). An analysis of the alleged facts in the instant case clearly shows that Ms. Westbrook alleges a cause of action against appellant as a successive independent tortfeasor. There is no allegation of any concert of action between appellant and appellee. With regard to injuries, Ms. Westbrook's complaint contains only the general allegation that she was merely thrown to the pavement by the initial impact with appellee's automobile. In contrast, the complaint specifically alleges that Ms. Westbrook was thereafter actually run over by appellant's vehicle and that it was as the proximate result of that subsequent event that she suffered numerous enumerated permanent injuries. Assuming that Ms. Westbrook can prove her allegations at trial, she will have demonstrated that she suffered separate and distinct injuries as the result of being successively struck by two vehicles. Further assuming that Ms. Westbrook can prove her allegation that it was appellant's negligence that resulted in the subsequent infliction of the separate and distinct injuries enumerated in her complaint, she will have demonstrated that appellant was a successive and independent tortfeasor rather than a joint tortfeasor. Where there is no concert of action and "where apportionment is possible, even though difficult, concurrent but independent tortfeasors are not in the true sense of the word 'jointly' culpable." *Sims v. Bryan*, 140 Ga. App. 69, 72-73 (230 SE2d 39) (1976). " 'If [two persons] merely inflict separate wounds, and [the victim] survives, a basis for division exists, no matter how difficult the proof may be, and the torts are several.' [Cit.]" *Gilson v. Mitchell*, 131 Ga. App. supra at 325. "Each may have been 'a cause' of an injury but a separate cause and logical distinction exist for apportionment of cause. [Cit.]" *Pease & Elliman Realty Trust v. Gaines*, 160 Ga. App. 125, 131 (286 SE2d 448) (1981). Thus, under the allegations of Ms. Westbrook's complaint, appellant's

"alleged negligence, while contributing to the overall damage, was subsequent to the original injury [of merely being thrown to the pavement] and created in favor of [Ms. Westbrook as] the injured party a separate cause of action against him. . . . [Appellee's and appellant's alleged] 'wrongs were independent and successive, rather than joint, and this being so, [Ms. Westbrook asserts she has] not one but two separate and distinct causes of action. . . .'" *Knight v. Lowery*, 228 Ga. 452, 455 (185 SE2d 915) (1971), overruled on other grounds *Williams v. Physicians & Surgeons Community Hosp.*, 249 Ga. 588 (292 SE2d 705) (1982).

In the event that appellant is thus proved to be a successive and independent tortfeasor, he will have no right of contribution as to the damages resulting from his subsequent negligent infliction of the separate and distinct injuries. If appellant is a successive and independent tortfeasor, appellee's only connection with any remaining relevant issue will be whether it was Ms. Westbrook's "intent" that appellant be covered by the release that she gave to appellee. See *Williams v. Physicians & Surgeons Community Hosp.*, supra. Assuming, on the other hand, that Ms. Westbrook cannot prove that she suffered separate and distinct injuries as the result of a subsequent act of negligence on the part of appellant, appellant will still have no right of contribution from appellee. In that event, appellant, having been shown to be a joint tortfeasor, will be entitled to the affirmative defense of release and, accordingly, will have no liability to Ms. Westbrook whatsoever. See generally *Zimmerman's, Inc. v. McDonough Constr. Co.*, 240 Ga. 317, 319 (1) (240 SE2d 864) (1977). Under those circumstances, there will be nothing toward which appellee should contribute, and it will be appellee who has a right of contribution as against appellant. "[A]ssume [Ms. Westbrook] is injured by the joint negligent acts of [appellee] and [appellant]. No suit is filed. Instead, [Ms. Westbrook] and [appellee] reach a settlement of [Ms. Westbrook's] claim. [Appellee] pays [Ms. Westbrook's] damages and is given a release by [her]. [Appellee] has a right of contribution against [appellant]." *Marchman & Sons v. Nelson*, 251 Ga. 475, 477 (306 SE2d 290) (1983).

Accordingly, as between Ms. Westbrook and appellant there is a genuine issue of material fact as to the latter's status as an independent successive tortfeasor or as a joint tortfeasor. However, regardless of the outcome of that issue, appellant will in no event have any viable right of contribution as against appellee. Thus, the trial court did not err in granting summary judgment in favor of appellee as to appellant's third-party claim for contribution.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987.

*Thomas S. Chambless*, for appellant.
*Howard S. McKelvey, Jr., R. Kelly Raulerson*, for appellee.