75103. McKEE v. SAVANNAH RADIOLOGISTS, P. A. et al.
(363 SE2d 166)

POPE, Judge.

Plaintiff Elizabeth J. McKee was injured in a two-car collision on June 30, 1985. As a result of the collision, she sustained a severe bruise just below the knee of her left leg which caused considerable swelling of the left leg from the knee down to her toes. When the swelling persisted her treating physician referred her to defendant Robert G. Bradbury, M.D., for a venogram to determine if a blood clot had formed in the leg. A venogram is a diagnostic procedure in which dye is injected into the veins of a given part of the body and then the affected portion of the body is examined by x-ray to determine if a blockage exists in the venous system. On July 9, 1985 plaintiff was admitted as an outpatient at defendant St. Joseph's Hospital in Savannah where Dr. Bradbury performed the procedure. During the procedure twenty to thirty cc of dye was mistakenly injected into the tissue of the left foot as opposed to the intended vein. As a result, plaintiff suffered a third-degree chemical burn to a portion of her left foot and was required to undergo plastic surgery for treatment of the burn.

Plaintiff filed an action in the Liberty County Superior Court against the drivers of the two automobiles, one of whom is a resident of Liberty County, and against St. Joseph's Hospital, Dr. Bradbury and Savannah Radiologists, P. A., the professional association of which Dr. Bradbury is a professional employee. The latter three defendants, all residents of Chatham County, moved for dismissal on the ground of improper venue. The court granted the respective mo-

tions of these defendants. Pursuant to Uniform Superior Court Rule 19.1, the court further ordered plaintiff's claim against Dr. Bradbury and Savannah Radiologists, P. A., be transferred to the Superior Court of Chatham County. Plaintiff appeals, arguing that venue is proper in Liberty County because all defendants are joint tortfeasors.

1. Plaintiff's first two enumerations of error, which will be addressed as one, both relate to plaintiff's argument that all defendants are joint tortfeasors who may therefore be tried in the county where any one of them resides, pursuant to Ga. Const. 1983, Art. VI, Sec. II, Par. IV. The issue in this case is whether the defendants to plaintiff's medical malpractice claim are, in fact, joint tortfeasors with the drivers of the automobiles which collided. We agree with the trial court that they are not.

In her sworn deposition, plaintiff admits she suffered two separate injuries. Before the venogram was performed, her only injury was to her left knee. Although the initial injury to her knee caused swelling of the left leg from the knee to the toes, she experienced no problem with her foot before the venogram was performed. The venogram allegedly caused further swelling of the left foot. However the true injury caused by the improperly administered venogram was the resulting chemical burn. " 'If the [concurrent] acts [of independent wrongdoers] result in separate and distinct injuries, then each wrongdoer is liable only for the damage caused by his acts.' " *Gilson v. Mitchell*, 131 Ga. App. 321, 325 (205 SE2d 421) (1974), adopted and aff'd 233 Ga. 453 (211 SE2d 744) (1975). Even where the original injury was subsequently aggravated by medical treatment, we have found the two injuries to be separate and not indivisible. E.g., *Gay v. Piggly Wiggly Southern*, 183 Ga. App. 175 (2) (358 SE2d 468) (1987). Here, the injury from medical treatment was not even an aggravation of the initial injury but was a totally separate injury to a different part of the body. The court did not err in dismissing the medical malpractice defendants on the ground of improper venue since they were not joint tortfeasors with the driver of the automobile in which plaintiff was initially injured, the only defendant who is a resident of Liberty County.

2. Having determined venue was improper in Liberty County as to the medical malpractice defendants, the trial court properly transferred the action against defendants Dr. Bradbury and Savannah Radiologists, P. A., to the Superior Court of Chatham County. See Uniform Superior Court Rule 19.1 (A).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 16, 1987.

*Robert F. Pirkle, Richard D. Phillips*, for appellant.
*Stanley R. Karsman, I. Gregory Hodges, Wendy W. Williamson, Wiley A. Wasden III, Joseph P. Brennan, A. Martin Kent*, for appellees.